# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANA HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-CV-561-JED-JFJ |
| | ) |
| AMERICAN RED CROSS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss or, in the Alternative, Motion to Transfer under 28 U.S.C. § 1404 (Doc. 12, 13) filed by the defendant, American Red Cross, also known as the American Red Cross Southwest Blood Services Region ("Red Cross").

**I.   Background**

Plaintiff, Diana Hunter ("Hunter"), initiated this action in Tulsa County District Court based upon three alleged incidents of workplace discrimination by her employer, the Red Cross. (Doc. 12 at 2). Hunter asserts claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The Red Cross removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 36 U.S.C. § 300105(a)(5). The Red Cross moves to dismiss for lack of personal jurisdiction and improper venue. (*Id.* at 1). In the alternative, the Red Cross argues that the case should be transferred to the United States District Court for the Northern District of Texas, under 28 U.S.C. § 1404, for the convenience of the parties and the witnesses. (*Id.*).

The Red Cross hired Hunter in September 2007. (Doc. 14 at 1). Hunter was hired in Tulsa, Oklahoma as a Hospital Service Tech I, and worked in Tulsa for eight years. (*Id.*). In October, 2015, Hunter transferred to a Red Cross office in Dallas, Texas. (*Id.*). Hunter remained employed at the Dallas office for eight months. (*Id.* at 2). All three alleged incidents of workplace

discrimination occurred during Hunter's eight months at the Dallas office. (Doc. 12 at 2-3). The first allegation by Hunter involved a denial of promotion for a "Tech II" position that was located in Dallas, Texas. (*Id*. at 2). The second allegation by Hunter involved allegations that supervisors within the Dallas office "singl[ed] out" Hunter "for write-ups and disciplinary action." (*Id*. at 3). Finally, the third allegation by Hunter alleged that the Red Cross terminated Hunter based on her race. (*Id*.). The Red Cross asserts that Hunter was terminated for attendance and performance issues, all of which allegedly occurred while Hunter worked in the Dallas office. (*Id*.).

According to Hunter, she would "routinely call back to the regional headquarters in Tulsa" for procedural and instructional clarifications. (Doc. 14 at 1). Additionally, during the alleged discrimination, Hunter voiced her concerns to her former supervisor, William Hawkins, who still worked in the Tulsa office. (*Id*. at 2). Hunter also states that she complained later to her District Manager, Paul Tayman, who also worked in the Tulsa office. (*Id*.).

## II. Discussion

### A. The Court has personal jurisdiction

The Red Cross argues that this Court does not have personal jurisdiction over it. For a court to exercise personal jurisdiction over a nonresident defendant, the plaintiff must demonstrate the existence of facts satisfying both the forum's long-arm statute and the Due Process Clause of the United States Constitution. *See Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014). "Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (citing *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988)); *see Niemi*, 770 F.3d at 1348; *see also* 12 Okla. Stat. § 2004(F).

"In order to evaluate whether the exercise of personal jurisdiction comports with due process," the court "must first assess whether 'the defendant has such minimum contacts with the forum state that [it] should reasonably anticipate being haled into court there.'" *Niemi*, 770 F.3d at 1348 (quoting *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159-60 (10th Cir. 2010)). If a defendant has minimum contacts with the forum state, the court then determines "whether the exercise of personal jurisdiction over [that] defendant offends traditional notions of fair play and substantial justice." *Id.*

The minimum contacts standard may be satisfied by showing general or specific jurisdiction. *Id.* Specific jurisdiction exists "'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Intercon*, 205 F.3d at 1247 (quoting *Burger King*, 471 U.S. at 472). When a plaintiff's claim does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's contacts with the forum state. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–16 & n.9 (1984). "[D]ue process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation." *Id.* at 415. Thus, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The inquiry "calls for an appraisal of a corporation's activities in their entirety," and a "corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 139, n. 20.

The Red Cross disputes that the Court has general jurisdiction over it because the Red Cross is not incorporated in Oklahoma, nor does it have its principal place of business in Oklahoma. (Doc. 12 at 5). However, the Red Cross holds its Southwest Blood Services Region headquarters in Tulsa, Oklahoma. (Doc. 14 at 4). Clearly, there is a substantial and continuous nature of business conducted by the Red Cross in Oklahoma. The Red Cross has managers in the Tulsa office who direct operations within the Southwest Blood Services Region. (*Id*. at 6). Within this region are Oklahoma, Kansas, and Texas. (*Id*.). Additional training and communication took place between the Texas and Oklahoma offices during Hunter's time at the Dallas office. (*Id*.). Given the Red Cross's undisputed continuous, systematic, general business contacts within the State of Oklahoma and the foregoing facts, the Court finds and concludes that the exercise of general jurisdiction over the Red Cross is appropriate and does not offend traditional notions of fair play and substantial justice. The Red Cross's motion to dismiss based on lack of personal jurisdiction will be **denied**.

**B.     Venue is proper**

The Red Cross moves for dismissal based on its allegation that venue is improper here. A civil action may be brought in a judicial district "in which [the defendant] resides," or "in which a substantial part of the events or omissions giving rise to the claim occurred" or "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For purposes of venue, a defendant corporation is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). As there is personal jurisdiction over the Red Cross in Oklahoma, venue is proper under § 1391.

The Red Cross argues that the events giving rise to Hunter's claim occurred in Texas, and therefore, Oklahoma lacks not only personal jurisdiction, but venue as well. (Doc. 12 at 7). However, venue can be proper in multiple districts. *ConocoPhillips Co. v. Jump Oil Co.*, 948 F. Supp. 2d 1272, 1282 (N.D. Okla. 2013) ("Section 1391(b)(2) does not require that a court determine which judicial district has the most substantial connection to the case but, instead, venue may be proper in multiple districts as long as a substantial part of the events or omissions giving rise to the case occurred in those districts."). In this case, personal jurisdiction is appropriate because the headquarters of the Southwest Blood Services Region for the Red Cross is in Tulsa, and that region included the Dallas, Texas office. Therefore, venue in the Northern District of Oklahoma is proper here. The Red Cross's motion to dismiss for lack of venue will be **denied**.

C. **Transfer under 28 U.S.C. § 1404 is appropriate.**

In the alternative, the Red Cross requests that this case be transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), the district court is granted discretion to decide the proper venue. *See, e.g., Palace Exploration Co. v. Petroleum Dev. Co.,* 316 F.3d 1110, 1121 (10th Cir. 2003). In considering a motion to transfer, courts should weigh several factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). Further, the "party

moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

Tenth Circuit precedent reflects that this case should be transferred to Texas. First, although "the plaintiff's choice of forum should rarely be disturbed, . . . Courts also accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1168 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). In the present case, all of the alleged discriminatory actions by the Red Cross took place in Dallas, Texas. Hunter was employed in the Dallas office for the entire period of alleged discrimination, and all of the alleged discriminating actors were also located in the Dallas office. The promotion that Hunter claimed she was denied because of discrimination was a position located in Dallas. Hunter claimed that Taylor and Michael Hullinger discriminated against her through "write-ups and disciplinary action." Hunter, Taylor, and Hullinger all worked in the Dallas office at the time of those allegations. Finally, Hunter claimed that she was terminated based on her race. At the time of Hunter's termination, she and the employees who made the decision to terminate her were all working in the Dallas office.

Second, "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169 (quoting *Cook*, 816 F. Supp. at 669). Importantly, all of the witnesses referenced in Hunter's petition are located in or near Dallas, Texas, with the exception of Hunter herself. (Doc. 12 at 9). Additionally, the two individuals– Taylor and Hullinger–who allegedly singled out and terminated Hunter based on her race, are both located in Dallas, Texas. *Employers Mutual Casualty Company v. Bartile Roofs, Inc.* indicates that "[t]o demonstrate inconvenience, the movant must . . . identify the witnesses[,] . . . indicate the

quality or materiality of their testimony[,] . . . and . . . show that . . . the use of compulsory process would be necessary." Taylor and Hullinger are among the most material witnesses, based on the witnesses named thus far. The Red Cross notes that this Court's power to subpoena a witness extends to 100 miles from the courthouse according to the Fed. R. Civ. P. 45(c)(1)(A). (Doc. 12 at 9). Therefore, all of the witnesses in Dallas are not within the Court's subpoena power, but would be if the case is transferred to Texas. (*Id.*).

Third, in *Employers Mutual Casualty Company*, the argument for transfer failed "because the record contain[ed] no evidence concerning the potential costs of litigating the case" in the changed jurisdiction. 618 F.3d at 1169. This is distinguishable from the current case. The majority of the necessary witnesses to be called are in the Dallas, Texas area, with the exception of Sheri Washburn, who is located in Omaha, Nebraska. Ms. Washburn would incur expenses regardless of whether the case is brought in Oklahoma or Texas. Moreover, the two most material witnesses to the alleged discrimination claims, Hullinger and Taylor, both live in the Dallas, Texas area.

The Red Cross has established a basis for transfer because the factors in *Employer's Mutual* weigh in favor of transfer to the District Court for the Northern District of Texas under 28 U.S.C. § 1404 for the convenience of the parties and the witnesses. The Red Cross's motion to transfer will be granted.

### III. Conclusion

For the foregoing reasons, Red Cross's motion to dismiss for lack of jurisdiction (Doc. 12) is **denied**, and its alternative motion to transfer the case (Doc. 13) is **granted**. This matter is transferred to the United States District Court for the Northern District of Texas.

SO ORDERED this 12th day of December, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE